UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

OSAMA MAKHLOUF,

Petitioner,

v.

CHRISTOPHER LAROSE, warden of Otay Mesa Detention Center; DANIEL A. BRIGHTMAN, San Diego Field Office Director, Immigration and Customs Enforcement and Removal Operations; TODD LYONS, Acting Director of Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondents.

Case No.:  3:26-cv-02636-LEK-JLB

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDER TO SHOW CAUSE WITHIN THREE DAYS; COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Before this Court is Petitioner Osama Makhlouf's ("Petitioner") Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days; Complaint for Declaratory and Injunctive Relief ("Petition"), filed on April 25, 2026. [Dkt. no. 1.] The respondents, identified in the Petition as Christopher LaRose, warden of Otay Mesa Detention Center; Daniel A. Brightman, San Diego Field Office Director, Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"); Todd Lyons, Acting Director of Immigration and Customs Enforcement ("ICE"); Kristi Noem, Secretary of the Department of Homeland Security ("DHS"); Pamela Bondi, Attorney General of the United States; DHS; and ICE ("Respondents"), filed their return to the Petition

("Return") on May 5, 2026. [Dkt. no. 4.] Petitioner filed a traverse in support of the Petition ("Traverse") on May 13, 2026. [Dkt. no. 5.]

## BACKGROUND

Petitioner, a citizen of Syria, entered the United States from Mexico on June 5, 2025, and was immediately taken into custody by U.S. Customs and Border Protection ("CBP") officers. [Petition at ¶¶ 3, 18.] He was detained at the Otay Mesa Detention Center from June 5, 2025 through the filing of the Petition. See id. at ¶ 18.

Following a Convention Against Torture ("CAT") interview and a credible fear interview, DHS determined that Petitioner had a credible fear of persecution in Syria and allowed him to proceed with an asylum application. See id. at ¶ 19. A Notice to Appear was issued, and Petitioner's master calendar hearing was held on September 4, 2025, and follow-up hearings were held on October 2, 2025 and October 16, 2025. See id.; Return, Exh. 3 (DHS Notice to Appear, dated 8/22/25). Petitioner's individual hearing was held on February 18, 2026, and the immigration judge ruled that Petitioner did not qualify for asylum. See Petition at ¶¶ 19-20; see also Return, Exh. 4 (Order of the Immigration Judge, dated 2/18/26 ("Removal Order")) at § II.A (denying Petitioner's applications for asylum, withholding of removal under Section 241(b)(3) of the Immigration and Nationality Act ("INA"), withholding of removal under CAT, and deferral of removal under CAT).

Petitioner has appealed the Removal Order to the Board of Immigration Appeals ("BIA"), see Return, Exh. 5 (BIA Office of the Clerk Filing Receipt for Appeal, dated 3/23/26), and Petitioner asserts that "it will take a year for [the appeal] to be adjudicated," [Petition at ¶ 20].

There has never been a determination whether Petitioner is a flight risk or a threat to the community. See id. at ¶ 21. Petitioner states that he has not attempted to ask for a bond hearing because the immigration judges "have consistently ruled that they do not have jurisdiction to redetermine the conditions of custody over individuals who have been apprehended shortly after entering the United States and who have been processed

2

under Section 235(b)(1) expedited removal statute, and who have been placed in removal proceedings." See id. at ¶ 24; Traverse at 10; see also Return, Exh. 2 (DHS Notice and Order of Expedited Removal, dated 6/5/25, ordering Petitioner's removal pursuant to INA Section 235(b)(1), 8 U.S.C. § 1225(b)(1)).

Petitioner contends that his "continued detention without a tenable justification and without a demonstration that removal is significantly likely in the reasonably foreseeable future" violates his Fifth Amendment right to due process. See Petition at ¶¶ 26, 28; see also id. at ¶¶ 35-46. Among other things, Petitioner asks this Court to order his immediate release from custody and any other appropriate relief. See id. at pgs. 14-15.

Respondents argue that, because there is no final order of removal, Petitioner is subject to mandatory detention under Title 8 United States Code Section 1225(b)(1)(B). See Return at 2. They also contend that: judicial review of Petitioner's detention is barred under Title 8 United States Code Section 1252(g); see id. at 3-4; and, even if judicial review is possible, the Petition should be denied because the period of detention has not been prolonged to the point that it violates Petitioner's constitutional rights, see id. at 6-9.

## DISCUSSION

### I.   Jurisdiction

This Court turns first to Respondents' argument that the Petition should be dismissed for lack of jurisdiction. See id. at 10.

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to Title 28 United States Code Section 2241. See 28 U.S.C. § 2241(a); Zavala v. Ives, 785 F.3d 367, 370 n.3 (9th Cir. 2015). However, Title 8 United States Code Section 1252(g) states:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and

3

3:26-cv-02636-LEK-JLB

1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. See 8 U.S.C. § 1252(a)(1), (5); see also Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)).

Respondents argue "Petitioner's claims of unlawful detention necessarily arise from the Department of Homeland Security's decision to commence removal proceedings against him because that decision unavoidably triggers mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii) until the conclusion of his removal proceedings." [Return at 3-4 (footnote and citation omitted).] This district court has rejected similar arguments. See, e.g., Kalayu v. Mullin, Case No. 26cv2394-LL-VET, 2026 WL 1552398, at *2 (S.D. Cal. June 1, 2026) (adopting reasoning in Beltran et al. v. Noem et al., No. 25CV2650-LL-DEB, 2025 WL 3078837, at *3-4 (S.D. Cal. Nov. 4, 2025)); Rash v. LaRose, Case No. 26v0008-LL-DEB, 2026 WL 249324, at *2 (S.D. Cal. Jan. 30, 2026) (some citations omitted) (citing Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 482, 119 S. Ct. 936, 142 L. Ed. 2d 940 (1999); Dep't of Homeland Sec. v. Regents of the Univ. of California, 591 U.S. 1, 140 S. Ct. 1891, 1907, 207 L. Ed. 2d 353 (2020)). This Court similarly concludes that Petitioner is not challenging either the commencement or the outcome of the removal proceeding against him, "but is instead claiming a lack of legal authority to detain him for a prolonged time without a bond hearing during the removal proceedings." See Rash, 2026 WL 249324, at *2 (citing Ibarra-Perez v. United States, 154 F.4th 989, 991-92 (9th Cir. 2025) (noting that a claim based on a lack of legal authority to execute a removal order due to a violation of a court order, the Constitution, [INA], or international law, does not challenge the decision or

4

action to execute a removal order)). This Court therefore rejects Respondents' argument that Section 1252(g) deprives this Court of jurisdiction in this case.

## II.    Due Process

Section 1225(b)(1)(B)(ii) states: "If the officer determines at the time of the interview that an alien has a credible fear of persecution (within the meaning of clause (v)), the alien shall be detained for further consideration of the application for asylum." However, this district court has recognized that:

> "[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017). "Civil immigration detention is permissible only to prevent flight or protect against danger to the community[.]" Pinchi v. Noem, 792 F. Supp. 3d 1025, 1035 (N.D. Cal. 2025); see also Zadvydas v. Davis, 533 U.S. 678, 690 (2001) ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem."); Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so. Arbitrary civil detention is not a feature of our American government.").
>
> . . . .
>
> Indeed, "[n]early all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will - at some point - violate the right to due process." Singh v. Barr, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (collecting cases); see also Maksin [sic] v. Warden, Golden State Annex, 2025 WL 2879328, at *3 (E.D. Cal. Oct. 9, 2025) (collecting cases). This holds true for those detained under Section 1225 . . . . See Gao v. LaRose, 805 F. Supp. 3d 1106, 1110 (S.D. Cal. 2025) (agreeing with "the majority position that a petitioner detained under Section 1225(b)(1) may assert a due process challenge to prolonged mandatory detention without a bond hearing"); see also Kydyrali v. Wolf, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020).

. . . "Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." Amado v. United States Dep't of Just., 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (citation omitted). In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." Lopez v. Garland, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal. See, e.g., Sadeqi v. LaRose, 809 F. Supp. 3d 1090, 1094 (S.D. Cal. 2025).

Derbew v. LaRose, Case No. 26-CV-2803 JAO(DEB), 2026 WL 1468308, at *2-3 (S.D. Cal. May 22, 2026) (some alterations in Derbew).

In the instant case, Petitioner has now been detained for approximately twelve months. See Petition at ¶ 18. This Court therefore finds that the length of detention weighs in favor of Petitioner. See Derbew, 2026 WL 1468308, at *3 (finding that the delay of more than eight months weighed in the petitioner's favor (citing Zadvydas, 533 U.S. at 701, 121 S. Ct. 2491 (treating six months as a "presumptively reasonable period of detention" in a related context); Amado, 2025 WL 3079052, at *5 (noting that "[c]ourts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable"))).

Second, although Petitioner had a merits hearing on February 18, 2026 and has been ordered removed to Syria, see Return, Exh. 4 (Removal Order), Respondents acknowledge that Petitioner's appeal of the Removal Order is pending before the BIA, see Return at 9. Petitioner asserts that it will take a year to resolve the appeal, see Petition at ¶ 20, and the Return does not make any representations that contradict Petitioner's assertion. Cf. Kalayu, 2026 WL 1552398, at *2 (noting that the respondents "cannot predict with any degree of confidence when the BIA appeal will be resolved" (quotation marks and citation omitted)). Further, if the BIA affirms the Removal Order, Petitioner

6

3:26-cv-02636-LEK-JLB

may seek review by the Ninth Circuit Court of Appeals. Because the remaining review process may take years, this Court finds that the anticipated length of detention also weighs in favor of Petitioner. See Derbew, 2026 WL 1468308, at *3.

Finally, there is no indication in the record that any delay in the removal proceedings was caused either by Petitioner or by Respondents. This factor is therefore neutral. Having considered all of these factors, this Court concludes that Petitioner's detention has become unreasonably prolonged, and therefore, his due process rights have been violated.

Turning to the issue of the appropriate relief, this Court notes that Petitioner requests his immediate release and does not make an alternative request for an individualized bond hearing. See Petition at pgs. 14-15. Petitioner acknowledges that there has never been a ruling on the issue of whether he is a flight risk or a danger to the community. See id. at ¶ 21. Further, an immigration judge has ordered that Petitioner be removed to Syria. See Return, Exh. 4 (Removal Order). Under these circumstances, this Court concludes that, based on the limited record in this case, immediate release is not an appropriate remedy for the violation of Petitioner's due process rights. Petitioner's request for immediate release is denied without prejudice.

Because Petitioner has also requested that this Court "[g]rant any other relief that may be fit and proper," [Petition at pg. 15,] this Court concludes that ordering Respondents to provide Petitioner with an individualized bond hearing is the appropriate form of relief in this case. In addition, this Court makes the following orders regarding the bond hearing:

-the hearing must be before a fair, neutral, and open-minded immigration judge;

-the immigration judge shall determine whether Petitioner is a danger to the community or a flight risk and what bond conditions, if any, would be appropriate to ensure Petitioner's appearance;

-Respondents shall bear the burden of establishing by clear and convincing evidence that Petitioner poses a danger or flight risk; see Sandesh v. LaRose, Case No.: 26-cv-

0846-JES-DDL, 2026 WL 622690, at \*5 (S.D. Cal. Mar. 5, 2026) ("[I]t [is] appropriate to continue to apply the standard set forth in <u>Singh</u> [v. Holder, 638 F.3d 1196 (9th Cir. 2011),[1]] in the case of bond hearings for those subjected to prolonged detention under § 1225(b) to protect the critical liberty interest and due process rights of such individuals." (citations omitted));

-the immigration judge shall consider whether alternatives to detention are appropriate and, if a bond is considered, the immigration judge shall consider Petitioner's ability to pay;

-if the immigration judge denies bond, the immigration judge must make specific findings as to why Petitioner is a flight risk or a danger to the community; and

-if Petitioner believes that Respondents or the immigration judge violated this order and the writ, Petitioner can apply to this Court for appropriate sanctions.

## <u>CONCLUSION</u>

For the foregoing reasons, Petitioner Osama Makhlouf's Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days; Complaint for Declaratory and Injunctive Relief, filed April 25, 2026, is GRANTED IN PART AND DENIED IN PART. The Petition is GRANTED insofar as Respondents are ORDERED to provide Petitioner with an individualized bond hearing consistent with the terms of this order within fourteen days of the filing of this order. The Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for immediate release from custody.

The parties are DIRECTED to file a joint status report informing this Court of the outcome of the bond hearing within twenty-one days of the filing of this order.

**IT IS SO ORDERED.**

---

[1] <u>Singh</u> was abrogated on other grounds by <u>Jennings v. Rodriguez</u>, 583 U.S. 281 (2018). <u>See, e.g.</u>, <u>Gao</u>, 805 F. Supp. 3d at 1112.

DATED AT HONOLULU, HAWAII, June 8, 2026.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**OSAMA MAKHLOUF VS. CHRISTOPHER LAROSE, ETC., ET AL.; CV 26-02636 LEK-JLB; ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDER TO SHOW CAUSE WITHIN THREE DAYS; COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

9